IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL CRUZ and KIRSTIN
ANTON, as Parents and Next Friend
of K.H., a minor,
                    Plaintiffs;

v.

RYAN LOUGHMAN,
EAN HOLDINGS, LLC, d/b/a
ENTERPRISE RENT-A-CAR,

                    Defendants.

Civil Action No. 20-cv-1490-RGA

MEMORANDUM ORDER

Before me is a motion to dismiss claims V and VI in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the Plaintiffs have failed to state sufficient facts to support the plausibility of those two claims.(D.I. 5). The matter has been fully briefed. (D.I. 6, 8, 10). For the reasons set forth below, the motion to dismiss is GRANTED.

I.     BACKGROUND

Plaintiffs filed this lawsuit in Delaware Superior Court, naming two defendants. One was Ryan Loughman and the other was the business that rented him a truck. The complaint identified the business as EAN Holdings, but the business asserts that it is Camrac LLC. (D.I. 1, Ex. A; D.I. 1 at 1). For present purposes, I will call the business "Camrac." The lawsuit was removed to this Court on November 2, 2020. (D.I. 1 at 1). Camrac moves to dismiss claims V and VI, which are only asserted against the business, on the basis that Plaintiffs have failed to state sufficient facts to constitute a claim upon which relief could be granted. (D.I. 5 at 1).

The allegations of the complaint are that on the morning of April 6, 2020, Loughman rented a Ford F-150 pickup truck from Camrac in Springfield, Massachusetts. (D.I. 1, Ex. A at 3). The same day, Loughman set out for Virginia. His travels ended when he collided with the rear of Plaintiff Michael Cruz's car, which was stopped at a red light, in Georgetown, Delaware at approximately 7:49 p.m. (*Id.*). Mr. Cruz and his minor child, K.H., who were both in the vehicle, were injured. K.H. suffered serious injuries. (*Id.* at 4). In addition to typical negligence allegations, Mr. Loughman is alleged to have been under the influence of drugs. (*Id*. at 6).

## II.    RULE 12(b)(6) LEGAL STANDARD

Rule 8 requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.,* 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly,* 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby,* 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Camrac asserts, and Plaintiffs appear to agree, that, because this is a diversity case, Massachusetts law should apply to Counts V and VI, which alleged "negligent entrustment" and "willful and wanton" entrustment, based on Camrac's rental of the pickup truck to Loughman. (D.I. 6 at 5; D.I. 8 at 8). Camrac is probably right that Massachusetts law applies. *See Henderson v. Your Kar Express Rentals, Inc.*, 2009 WL 1900395, at *2 (Del. Super. Ct. June 30, 2009) (citing "Restatement (Second) of Conflicts §146") (applying Virginia law on a similar theory to an accident in Delaware caused by a driver who had rented his vehicle in Virginia).

Camrac argues that Plaintiffs have failed to allege any facts concerning the behavior of Loughman, at that time he was renting the vehicle, that would provide the requisite notice to the Camrac employee that Loughman would "use the subject motor vehicle in a manner involving unreasonable risk of physical harm to himself or others". (D.I. 6 at 4). Camrac asserts that, under Massachusetts law, Plaintiffs' claims of negligent entrustment require that Camrac had actual knowledge that Loughman was unfit or incompetent, and that unfitness or incompetence was the cause of injury to the Plaintiffs. (*Id.* at 5). Plaintiffs concede that this is the "general rule" under Massachusetts law. (D.I. 8 at 8). Camrac argues further that in order for Plaintiffs to state a valid

claim, Plaintiffs must allege facts about Loughman's behavior at the time of the rental that would allow for a reasonable inference that the Camrac employee who rented Loughman the vehicle had actual knowledge that he would likely operate the vehicle under the influence of drugs, as that was the cause of the injury to the Plaintiffs. (D.I. 6 at 6) Camrac further asserts that no such facts are presented in the Complaint. (*Id.*)

Plaintiffs argue that further evidence has been discovered in police reports of the accident since the complaint was filed and that this Court should include those facts in its consideration of this motion to dismiss. (D.I. 8 at 3–4, Ex. A). Plaintiffs assert that the police reports show that Loughman ingested hydrocodone and purchased recreational marijuana on the morning of the collision and therefore it can be inferred that Loughman was visibly intoxicated at the time of the rental purchase and that Camrac's employee knew or should have known that fact. (*Id.* at 7–8). Camrac argues that this Court's analysis should be confined to the four corners of the Complaint. (D.I. 10 at 3–4). Plaintiffs further assert that the legal standard set out in *Twombly,* in practice, is flexible as it relates to the type of case, and that an auto accident case can satisfy the pleading standard with a much more concise pleading than was needed in relation to the antitrust case presented in *Twombly*. (D.I. 8 at 8–9). Camrac argues that the *Twombly* standard does not vary in relation to the type of claim. (D.I. 10 at 4).

Here, Plaintiffs' Complaint fails to allege any facts that could allow this court to reasonably infer that Camrac is liable for counts V and VI under the legal standard established by *Twombly*. 550 U.S. at 558. There are no factual allegations contained within the four corners of the Complaint that suggest anything beyond mere boilerplate speculation. The complaint states that Camrac was indifferent to or willfully ignored Loughman's "youth, inexperience,

incompetence or unfitness"[1] and does not provide even the thinnest of factual allegations that any of the three characteristics (other than "youth") were evident at the time of the vehicle rental. In fact, Plaintiffs provide no factual allegations whatsoever about the details of the circumstances surrounding Loughman's rental of the pickup truck.

I note again that, when deciding a motion to dismiss, this Court is "not permitted to go beyond the facts alleged in the Complaint." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997). Plaintiffs' reliance on facts not alleged in the complaint is improper, and a complaint cannot be amended by a brief.

Plaintiffs fail to meet the minimum pleading standard and it is unnecessary for me to opine whether that standard is flexible as it relates to auto accident cases. Plaintiffs do not allege any facts in the Complaint that could allow this court to conclude that Camrac's employee knew of Loughman's unfitness or incompetence. The allegation that Loughman was intoxicated during the collision some 300 miles from where the pickup truck was rented does not plausibly show how Camrac's employee could have had reason to know, let alone actual knowledge, of Loughman's unfitness at the time of the rental.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss claims V and VI in Plaintiffs' Complaint pursuant to Rule 12(b)(6) is **GRANTED**. Plaintiffs have not acted in bad faith to prolong litigation, nor would Defendant be unduly prejudiced by an amendment to the

---

[1] According to the police reports Plaintiffs submit (D.I. 8, Ex. A at 6), Loughman was age 29 at the time of the accident.

Complaint. Therefore, Counts V and VI, the two claims against Camrac, are **DISMISSED WITHOUT PREJUDICE**.

       IT IS SO ORDERED.

Entered this 27th day of May, 2021.

/s/ Richard G. Andrews
United States District Judge